IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02417-BNB

JUSTIN CANTERBURY,

    Applicant,

v.

FREMONT COUNTY JAIL SHERIFF JAMES BEICKER,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Justin Canterbury, initiated this action by filing *pro se* a document titled "Motion Challenging Excessive Bail & Prosecutorial Misconduct" (ECF No. 1). On September 26, 2012, Mr. Canterbury filed a pleading on the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form. Mr. Canterbury claims in this action that his constitutional right to be free from excessive bail has been violated and that he remains in custody because the state court increased his bond to $50,000.00, cash only, an amount that he contends is grossly disproportionate to the class six felony and class one misdemeanor drug charges he is facing. As relief Mr. Canterbury asks that the bond be modified to a reasonable cash or surety bond.

The Court must construe the application liberally because Mr. Canterbury is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997); *see also Lazarus v. Baca*, 389 F. App'x 700 (9th Cir. 2010) (applying *Younger* abstention doctrine to dismiss excessive bail claim by pretrial detainee).  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."  *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Canterbury alleges the charges remain pending against him in his state court criminal case.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Mr. Canterbury fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Canterbury "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably

> objective hope of success; (2) whether it was motivated by
> the defendant's suspect class or in retaliation for the
> defendant's exercise of constitutional rights; and (3) whether
> it was conducted in such a way as to constitute harassment
> and an abuse of prosecutorial discretion, typically through
> the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Mr. Canterbury's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Mr. Canterbury fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Canterbury has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Canterbury fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Canterbury files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the "Motion Challenging Excessive Bail & Prosecutorial Misconduct" (ECF No. 1) and the habeas corpus application (ECF No. 5) are denied

3

and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of   September  , 2012.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court